BILLINGTON v. RICHTERS.

(Supreme Court, Appellate Term.   June 28, 1899.)

1. APPEAL AND ERROR—FINDINGS OF FACT—CONCLUSIVENESS.
    In the absence of proof that injustice has been done, a trial court's conclusions of fact will not be disturbed on appeal, though the evidence appears to warrant a different conclusion.
2. MONEY HAD AND RECEIVED.
    Defendant, who collected rents of a business building, to which plaintiff was entitled under his lease from defendant's principal, did not thereby become liable to plaintiff for the rent of a stable on the same premises, and used by the tenant of the building, but for which defendant collected no rent.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Reno R. Billington against Frederick J. Richters. There was a judgment for plaintiff, from which defendant appeals. Modified and affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

James M. Chapman, for appellant.
Elliot Danforth, for respondent.

LEVENTRITT, J. The plaintiff leased, through the defendant, acting as the agent of one Finch, a house, business building, and stable, for a period of years, at a stipulated annual rental. When the plaintiff went into possession, one Thayer occupied the lower portion of the business building, and thenceforth became the tenant of the plaintiff. The defendant collected certain rents from Thayer, which belonged to the plaintiff. These rents consisted of Thayer's monthly installment, and the income of certain lodge rooms in the business building. The plaintiff claimed that the moneys collected by the defendant aggregated $132, while the latter insisted that they did not exceed $43. The plaintiff, also, on some theory which is not apparent, sought a recovery of the further sum of $40 for four months' use of the stable by Thayer, for which the latter admittedly paid no rent to anybody. Judgment was rendered against the defendant for both items claimed,—in all, $172.

As to the first item, we do not hesitate to say that a perusal of the record induces some doubt whether the plaintiff is entitled to more than $43. But as the amount collected was the subject of conflicting testimony, and as the justice enjoyed the opportunity—which an appellate court should not underestimate—of testing the veracity of the witnesses, and the truthfulness of their statements, by their appearance and demeanor on the stand, we yield to his conclusions. Merely because we might have solved the conflict differently from the learned justice, we are not warranted, in the absence of evidence indicating that injustice has been done, in interfering with his finding.

We are of the opinion, however, that the allowance of the second item was error in law. There is not even a pretense of proof that the defendant collected any rent for the stable, or in any wise enjoyed its use. The respondent seems to argue that, because the defendant wrongfully received and retained rents for the business building, he should also be charged with the rental value of the stable which it is alleged Thayer occupied. We cannot follow that argument. The respondent's remedy, if any, lies solely against Thayer. The judgment must be reduced to $132.

Judgment modified by reducing it to $132, and as modified affirmed, with $10 costs, besides disbursements to the appellant. All concur.